

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN



ATTORNEY GENERAL

Honorable Cleveland Davis
County Attorney
Brazoria County
Angleton, Texas

This Opinion Overrules
in part Opinion #O-5192

Dear Sir:

Opinion No. O-5192-A
Re: Are the officers of the Brazos
River Harbor Navigation Dis-
trict of Brazoria County, Texas,
to be elected by the qualified
voters of such district or ap-
pointed by the commissioners'
court of Brazoria County, Texas?

We have your letter of recent date requesting us to reconsider our
opinion No. O-5192.

Your letter of April 7, 1943, requesting the opinion of this depart-
ment on the above stated question reads in part as follows:

"Will you please advise me as to whether or not the offi-
cers of the Brazos River Harbor Navigation District of Brazoria
County, Texas, are to be elected by the qualified voters of such
district or appointed by the Commissioners' Court of Brazoria
County, Texas.

"For your information this district was organized a number
of years ago and, therefore, any provision in the law for the
appointment of the officers for the first term of office would
not be under consideration here. It has been the practice of
the Commissioners' Court of Brazoria County, Texas, since the
organization of this district to appoint all of the officers,
including the Chairman of such district."

The Brazos River Harbor Navigation District of Brazoria County, Texas,
was one of the defendants in the case of Smith et al. v. Wilson et al., 13 Fed.
(2d) 1007. With reference to the constitutional and statutory provisions under
which said district was created we quote from the above mentioned case as follows:

" . . . .

"Section 59, art. 16, of the state Constitution, is the
expression of the public policy of this state for the conserva-
tion and development of all its natural resources, including the

navigation of its many inland waters, and the utilization of its long and favorable coast line. It declares:

" 'There may be created within the state of Texas, or the State may be divided into, such number of conservation and reclamation districts as may be determined to be essential to the accomplishment of the purposes of this amendment to the Constitution, which district shall be govermental agencies and bodies politic and corporate with such powers of government and with the authority to exercise such rights, privileges and functions concerning the subject-matter of this amendment as may be conferred by law.'

"The Legislature is authorized and directed to make provision for the creation of the district and the levy and collection of the taxes.

"To effectuate this constitutional mandate, the Thirty-Ninth Legislature enacted the law under which the navigation district was formed. This act, chapter 5 of the Acts of the Thirty-Ninth Legislature, also found in R. S. 1925, fully and in detail sets out the procedure under which this district was organized, provides for a hearing before and judgment by the commissioners' court on petition, which hearing should be had after notice, at which hearing those for and against the district had the right to contest or to contend for its creation, and offer testimony in favor or against the district, to show that the proposed improvement or improvements would or would not be of any public benefit, and would or would not be feasible or practicable, and as to any other matters pertaining to the district.

"It provides that the county commissioners' court shall have exclusive jurisdiction of the hearing, and shall determine all contests and objections, and all matters pertaining to the creation of the district, and all judgments or decisions rendered by the court shall be final, and it expressly authorizes that court to adopt, reject, or change, as it deemed best, the proposed boundaries.

"It provides minutely and in detail for the holding of an election, for canvassing and declaring the result of it, the issuance of bonds, and the levy of ad valorem taxes to pay therefor, and specifically authorizes the district to cooperate with the government of the United States in matters of any proposed development."

Chapter 5 of the Acts of the Thirty-ninth Legislature is brought forth in Vernon's Annotated Civil Statutes as Article 8263h.

In opinion No. O-5192 this department held that the navigation and canal commissioners of said navigation district should be appointed by the commissioners' court of Brazoria County.

Section 13 of Article 8263h, Vernon's Annotated Civil Statutes so provided. However, said Section 13 was amended by House Bill No. 204, Acts of the Forty-first Legislature, First Called Session, 1929. House Bill No. 204, supra, became effective May 23, 1929.

Section 5 of House Bill No. 204, supra, (Section 5, Article 8263a, Vernon's Annotated Civil Statutes) provides as follows:

"After the establishment of any Navigation District as herein provided the Commissioners' Court or Navigation Board as the case may be, shall appoint three Navigation and Canal Commissioners all of whom shall be residents of the proposed Navigation District who shall be freehold property taxpaying voters of the county whose duties shall be as hereinafter provided, and who shall each receive for their services such compensation as may be fixed by the Commissioners' Court of the county exercising jurisdiction in creating said District. Said Navigation and Canal Commissioners shall hold office for a term of two years and until their successors have been elected and qualified, unless sooner removed by a unanimous vote of the County Commissioners or Navigation Board as the case may be for mal-feasance or non-feasance in office, after a hearing duly had according to law, from which judgment of removal appeal may be had to the District Court of the County in which such Commissioners reside and said Court shall proceed to try the case de novo. Such Navigation and Canal Commissioners shall be elected on the first Saturday in July in each odd year beginning with the first Saturday in July, 1929, and shall hold office for two years and until their successors are elected and qualified, such election to be ordered by the Navigation and Canal Commissioners, and notice thereof shall be given by the Secretary of such Commission by posting or publishing the same for at least twenty (20) days prior to such election, and shall otherwise be held according to the General Election Laws of the State of Texas. Should any vacancy occur through the death or resignation or otherwise of any Commissioner the same shall be filled by the remaining members of such Navigation and Canal Commission; provided that if two or more vacancies occur at the same time a special election may be called by a petition signed by fifty (50) resident property taxpaying voters after notice duly given by publishing or posting for at least twenty (20) days prior to such election which petition shall contain the judges and clerks for such election who shall jointly canvass the returns and declare the results of such election and issue certificates of election to the successful candidate which election shall

otherwise be held according to the General Election Laws of the
State of Texas; provided further that this Section shall not ap-
ply to Navigation Districts created pursuant to Section 52 of
Article 3 of the Constitution of Texas, or to any such District
converted or transformed into Navigation Districts under Section
59 of Article 16 of the Constitution of Texas, by virtue of Sec-
tions 1 and 2 of this Act, but the Navigation and Canal Commis-
sioners of such Districts shall be appointed by the Navigation
Board or the Commissioners' Court of the county having jurisdic-
tion as heretofore provided by law."

Section 7 of said House Bill No. 204 (Section 7, Article 8263a, Ver-
non's Annotated Civil Statutes) provides:

"The provisions of this Act shall be cumulative of all
other Acts heretofore enacted into Law with reference to the
organization and operation of Navigation Districts. In case
of any conflict the provisions of this Act shall control."

Section 16 of Article 8263h, Vernon's Annotated Civil Statutes pro-
vides:

"Said commissioners shall also organize by electing one
of their number chairman and one secretary, and two of the
commissioners shall constitute a quorum, and a concurrence
of two shall be sufficient in all matters pertaining to the
business of said district."

It is noted that you state in effect in your letter that the commis-
sioners' court appoints the chairman of such district. With reference to the
foregoing statements, it is our opinion that under Section 16 of Article 8263h,
supra, that the chairman should be selected as provided in said Section 16
and that the commissioners' court has no authority to designate the chairman.

In view of Section 5, House Bill No. 204, supra, (Article 8263a,
Vernon's Annotated Civil Statutes) amending Section 13 of Article 8263h, Ver-
non's Annotated Civil Statutes, it is our opinion that the navigation and canal
commissioners of the Brazos River Harbor Navigation District of Brazoria County,
Texas, should be elected by the qualified voters of such district as required
and authorized by Section 5 of House Bill No. 204, supra, (Section 5, Article
8263a, Vernon's Annotated Civil Statutes).

Therefore, our opinion No. 0-5192 is hereby expressly overruled in-
sofar as it conflicts with this opinion.

Yours very truly

APPROVED MAY 6, 1943        APPROVED        ATTORNEY GENERAL OF TEXAS
/s/ Gerald C. Mann          OPINION        By  /s/ Ardell Williams
ATTORNEY GENERAL OF TEXAS   COMMITTEE          Ardell Williams
                            BY /s/ GPB          Assistant
AW:mp:lm                    CHAIRMAN